# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| Allen Chacha, | : | Case No. 24-14219-PMM |
| | : | |
| Debtor. | : | |

_____

| | | |
|---|---|---|
| Andrew R. Vara, | : | |
| United States Trustee, | : | Adv. No. __-_____-AMC |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Allen Chacha, | : | |
| | : | |
| Defendant. | : | |

_____

## COMPLAINT OF THE UNITED STATES TRUSTEE
## OBJECTING TO THE GRANTING OF DEBTOR'S DISCHARGE

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee" or "Plaintiff"), by and through his undersigned counsel, as and for his complaint (this "Complaint") objecting to the granting of a discharge to Allen Chacha ("Defendant") alleges as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

3.  Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

4.  The deadline for filing a complaint objecting to Defendant's discharge is July 3, 2025. This Complaint is filed timely.

## PARTIES

5. Plaintiff is the United States Trustee for Region 3, which includes the Eastern District of Pennsylvania.

6. Pursuant to 28 U.S.C. § 586(a)(3), U.S. Trustee monitors and supervises the administration of cases commenced under, among other things, Chapter 7 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"). U.S. Trustee brings this action pursuant to Bankruptcy Code section 727(c)(1).

7. Defendant is an individual who filed a voluntary petition on November 25, 2024 (the "Petition Date"), commencing a case under Chapter 7 of the Bankruptcy Code in the Eastern District of Pennsylvania, which is captioned *In re: Allen R Chacha*, Case No. 24-14219-pmm.

8. Defendant's residence is believed to be 751 Vandenburg Road, Apt. 2116, King of Prussia, Montgomery County, Pennsylvania 19406.

9. U.S. Trustee consents to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND FACTS

1. On the Petition Date, Defendant was represented by counsel. Counsel has since withdrawn his appearance through an order of the Court.

2. Upon information and belief, Defendant works as a consultant but was unemployed as of the Petition Date.

3. On or about November 26, 2024, Robert Holber, Esq. was appointed as chapter 7 trustee (the "Chapter 7 Trustee") in Defendant's case.

4. The initial meeting of creditors pursuant to Bankruptcy Code section 341(a) (the "341 Meeting") was scheduled for January 2, 2025, making March 3, 2025 the deadline for acting under Bankruptcy Code sections 707(b) and 727.

5. On January 3, 2025, the Chapter 7 Trustee continued the 341 Meeting to February 14, 2025, for the submission of previously undisclosed bank statements.

6. On January 9, 2025, the Chapter 7 Trustee sent an email to the U.S. Trustee, attaching statements he received from Defendant for purposes of the 341 Meeting, which indicated Defendant held unexempted funds in the previously undisclosed accounts of approximately $20,000.

7. On January 16, 2025, the Chapter 7 Trustee filed a *Stipulation to Extend Time to File Trustee's Complaint Objecting to Discharge and Time to Move for Dismissal (or Conversion) and as to Exemptions* (the "Stipulation").

8. On January 21, 2025, the Court entered an *Order Approving the Stipulation*, which set July 3, 2024, as the deadline for acting under Bankruptcy Code sections 707(b) and 727. This Complaint is therefore timely.

9. The 341 Meeting was held and concluded on February 14, 2025.

10. On March 19, 2025, the U.S. Trustee's office sent an inquiry to Defendant through his then counsel for certain documents and an explanation of financial accounts that were not disclosed on Schedule A/B.

11. On March 19, 2025, Defendant's then counsel responded to the U.S. Trustee's request enclosing some of the requested documents and an explanation of counsel's office intake protocol.

12. On March 20, 2025, Defendant's then counsel filed a motion to withdraw as attorney.

13. On April 2, 2025, Defendant's then counsel provided the U.S. Trustee with certain requested documents.

14. On April 16, 2025, the Court entered an order approving counsel's withdrawal as attorney to the Defendant.

### Documents

15. In response to the U.S. Trustee's request, on April 2, 2025, Defendant's then counsel produced via Google Drive the following financial documents, (i) Chase Acct #8314, (ii) PNC Accts #5437, 5445 and 5453, (iii) American Express Rewards Acct #6776, (iv) UNFCU Member 1588351 share accts #9562 Membership Share, 0001 Savings, 0002 Checking and 6097 checking added 11/2024, (v) First National Bank Acct #1435, (vi) Vanguard Acct #6175 (November/December 2024), and (vii) Fidelity Investments Accts #717 and 6803 (November 2024).

### Concealed Assets and Transfers

16. Upon information and belief, on November 5, 2024, Defendant transferred $52,416.89 to PNC account #5437 from Fidelity account #1331. Defendant did not disclose the Fidelity account. Defendant did not disclose the transfer. It is unknown whether Fidelity account #1331 continued to hold funds as of the Petition Date.

17. Upon information and belief, on November 8, 2024, Defendant transferred $32,000 to Chase account #8314 from PNC account ending #5437. Defendant did not disclose the transfer.

18. Upon information and belief, in November of 2024, Defendant transferred a total of $2,600 into Fidelity account #6803. On November 12, 2024, Defendant transferred $50 to Fidelity account #6803 from JPMorgan Chase account #3525. On November 19, 2024, Defendant transferred $2,000 to Fidelity account #6803 from JPMorgan Chase account #3525. Also on November 19, 2024, Defendant transferred $550 to Fidelity account #6803 from PNC account

#5437.  Defendant did not disclose any of these transfers.  Defendant did not disclose the JPMorgan Chase account.  It is unknown whether JPMorgan Chase account #3525 continued to hold funds as of the Petition Date

19. Upon information and belief, on November 12, 2024, Defendant transferred $15,000.00 to Webull account #3008 from Chase account #8314.  Defendant did not disclose the Webull account.  Defendant did not disclose the transfer.

20. Upon information and belief, on November 12, 2024, Defendant transferred $3,000.00 to Vanguard account #6175.  Defendant did not disclose the Vanguard account.  Defendant did not disclose the transfer.

21. Upon information and belief, on November 25, 2024, Defendant transferred $1,600.00 to Chase account #8701 from Chase account in #8314.  Defendant did not disclose Chase account #8701.  Defendant did not disclose the transfer

22. In the aggregate, Defendant made undisclosed prepetition domestic transfers of at least $106,616.89 (the "Undisclosed Domestic Transfers"), many of which were made to or from undisclosed domestic accounts (the "Undisclosed Domestic Accounts").

**NALA (nala.com) and Worldremit.com Apps used to transfer money internationally**

23. Upon information and belief, in the year preceding his bankruptcy filing, Defendant used two applications/platforms to transfer money internationally to an undisclosed source: Nala.com and Worldremit.com.

24. Upon information and belief, during the period from December 2023 through March 2024, Defendant transferred $642.08 internationally to an undisclosed source from his PNC account #5437 using the application Worldremit.com.

5

25. Upon information and belief, during the period from January 2024 through the Petition Date, Defendant transferred $2,255.20 internationally to an undisclosed source from his Chase account #8314 using the application Nala.com.

26. Upon information and belief, during the period from February 2024 through November 2024, Defendant transferred $13,422.97 internationally to an undisclosed source from his PNC account #5437 using the application Nala.com.

27. Upon information and belief, in the aggregate, Defendant made undisclosed prepetition international transfers of at least $16,320.25 (the "<u>Undisclosed Prepetition International Transfers</u>"), to an undisclosed source recipient (the "<u>Undisclosed International Accounts</u>").

28. Upon information and belief, during the postpetition period of December 2024, Defendant transferred $2,845.84 internationally to an undisclosed source from his Chase account #8314 using the application Nala.com.

29. Upon information and belief, during the postpetition period of March 2025, Defendant transferred $801.41 internationally to an undisclosed source from his Chase account #8314 using the application Nala.com

30. Upon information and belief, during the postpetition period of February 2025, Defendant transferred $1,283.80 internationally to an undisclosed source from his Chase account #8314 using the application Nala.com.

31. Upon information and belief, in the aggregate, Defendant made undisclosed postpetition international transfers of at least $5,602.73 (the "<u>Undisclosed Prepetition International Transfers</u>") to the Undisclosed International Accounts.

## I. COUNT 1
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(2)(A)

32. U.S. Trustee alleges and incorporates herein the allegations set forth in paragraphs 1 through 31 above.

33. Bankruptcy Code section 727 provides that:

> (a) the Court shall court shall grant a debtor a discharge unless … (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor within one year before the date of the filing of the petition[.]

*See* 11 U.S.C. § 727(a)(2)(A).

34. Defendant transferred or concealed the Undisclosed Domestic Transfers, Undisclosed Domestic Accounts, Undisclosed Prepetition International Transfers, and Undisclosed International Accounts as detailed above. Defendant therefore transferred, removed, destroyed, mutilated or concealed property within one year before the date of the filing of the Petition Date with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code. Defendant's request for a discharge of his debts should be denied.

35. Based on the Defendant's intentional concealment of interests in property he owned prior to the Petition Date, his request for a discharge of his debts should be denied.

36. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(2)(A).

## II.     COUNT 2
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(2)(B)

37. U.S. Trustee alleges and incorporates herein the allegations set forth in paragraphs 1 through 36 above.

38. Bankruptcy Code section 727 provides that:

> (a) the Court shall court shall grant a debtor a discharge unless … (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed … (B) property of the estate, after the date of the filing of the petition[.]

*See* 11 U.S.C. § 727(a)(2)(B).

39. Defendant transferred or concealed the Undisclosed Domestic Accounts, Undisclosed Postpetition International Transfers, and Undisclosed International Accounts as detailed above. Defendant therefore transferred, removed, destroyed, mutilated or concealed property after the Petition Date with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code. Defendant's request for a discharge of his debts should be denied.

40. Based on the Defendant's intentional concealment of interests in property he owned after the Petition Date, his request for a discharge of his debts should be denied

41. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(2)(B).

## III. COUNT 3
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(3)

42. U.S. Trustee alleges and incorporates herein the allegations set forth in paragraphs 1 through 41 above.

43. Bankruptcy Code section 727 provides that:

> (b) the Court shall court shall grant a debtor a discharge unless … (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;.

*See* 11 U.S.C. § 727(a)(3).

44. Defendant concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information regarding the Undisclosed Domestic Transfers, Undisclosed Domestic Accounts, Undisclosed Prepetition International Transfers, Undisclosed Postpetition International Transfers, and Undisclosed International Accounts. The 341 Meeting was held open on multiple occasions with Chapter 7 Trustee requesting documentation and information from Defendant, including records pertaining to Defendant's assets. Defendant did not provide all the requested information to Chapter 7 Trustee. Defendant concealed documents related to the Undisclosed Domestic Transfers, Undisclosed Domestic Accounts, Undisclosed Prepetition International Transfers, Undisclosed Postpetition International Transfers, and Undisclosed International Accounts. Defendant therefore concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information from which the debtor's financial condition or business transactions might be ascertained.

45. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(3).

# IV. COUNT 4
## For Denial of Discharge of Defendant
## 11 U.S.C. § 727(a)(4)(A)

46. U.S. Trustee realleges and incorporates herein the allegations set forth in paragraphs 1 through 45 above.

47. Bankruptcy Code section 727(a)(4)(A) provides that the court shall grant a debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account."

48. Defendant made false oaths and/or accounts regarding her assets, interests, and/or other financial transactions, including but not limited to her failure to fully and timely disclose the Undisclosed Domestic Transfers, Undisclosed Domestic Accounts, Undisclosed Prepetition International Transfers, Undisclosed Postpetition International Transfers, and Undisclosed International Accounts.

49. Defendant filed Schedules of Assets and Liabilities and Statement of Financial Affairs with inaccurate information. Defendant provided inaccurate or incomplete testimony at the 341 Meeting.

50. Upon information and belief, Defendant made these false oaths and accounts knowingly and fraudulently.

51. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(4)(A).

# V. COUNT 5
## For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(4)(D)

52. U.S. Trustee realleges and incorporates the allegations set forth in paragraphs 1 through 51 above.

53. Bankruptcy Code Section 727(a)(4)(D) provides that the court shall grant a debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case, "withheld from an officer of the estate entitled to possession under this title, any recorded information . . . relating to the debtor's property or financial affairs."

54. Chapter 7 Trustee requested recorded information and documents pertaining to Defendant's property and financial affairs including, upon information and belief, records pertaining to Defendant's assets. Defendant did not provide all the requested information and documents to Chapter 7 Trustee. Defendant failed to appear at multiple section 341 meetings. Defendant did not provide the Chapter 7 Trustee all required information regarding the the Undisclosed Domestic Transfers, Undisclosed Domestic Accounts, Undisclosed Prepetition International Transfers, Undisclosed Postpetition International Transfers, and Undisclosed International Accounts.

55. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(4)(D)

## VI. COUNT 6
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(5)

56. U.S. Trustee realleges and incorporates the allegations set forth in paragraphs 1 through 55 above.

57. Bankruptcy Code section 727(a)(5) provides that the court shall grant a debtor a discharge unless the debtor "has failed to explain satisfactorily . . . any loss of assets, or deficiency of assets to meet the debtor's liabilities."

58. Defendant has not explained satisfactorily the Undisclosed Prepetition International Transfers or Undisclosed Postpetition International Transfers. The defendant therefore has not explained satisfactorily the loss of estate funds.

59. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(5).

[*remainder of page left blank intentionally*]

# PRAYER FOR RELIEF

**WHEREFORE**, U.S. Trustee respectfully requests the following relief:

(I) On Count I against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(2)(A);

(II) On Count II against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(2)(B);

(III) On Count III against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(3);

(IV) On Count IV against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(4)(A);

(V) On Count V against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(4)(D);

(VI) On Count VI against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(5); and

(VII) such further and additional relief the Court deems just and proper.

Dated: June 17, 2025

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGION 3**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
United States Department of Justice
Office of the United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Telephone: (202) 934-4154
Email: john.schanne@usdoj.gov