IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | CHAPTER 7 |
|---|---|---|
| ALLEN R. CHACHA | : | BANKRUPTCY NO. 24-14219 (PMM) |
| Debtor | : | |

## MOTION OF ROBERT H. HOLBER, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER (I) FINDING DEBTOR IN CONTEMPT OF THE COURT ORDER DATED JANUARY 21, 2025 [D.I. 12] AND (II) GRANTING RELATED RELIEF

Robert H. Holber, Chapter 7 Trustee (the "Trustee") for the estate of Allen R. Chacha (the "Debtor"), by and through his counsel, Karalis PC, hereby moves this Honorable Court for entry of an Order (i) finding the Debtor in contempt of the Court Order dated January 21, 2025 (the "1/21/2025 Order") [D.I. 12] and (ii) granting related relief (the "Motion"), and in support thereof, respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

3. The statutory basis for the relief requested herein is 11 U.S.C. § 105(a).

### BACKGROUND

A. **Procedural Background.**

4. On November 25, 2024, the Debtor filed for protection under Chapter 7 of the Bankruptcy Code

5. On November 26, 2024, the Trustee was appointed which appointment remains in effect.

**B.    The Stipulation and the 1/21/2025 Order.**

6. On January 16, 2025, the Trustee and the Debtor entered into the Stipulation to Extend Time to file Trustee's Complaint Objecting to Discharge and Time to Move for Dismissal (or Conversion) and as to Exemptions (the "Stipulation"). The Stipulation is attached hereto as Exhibit "1" and made a part hereof.

7. The Stipulation provided for, *inter alia*, the Debtor to turnover the sum of $19,761.00 (the "Funds") to the Trustee by April 16, 2025.

8. On January 21, 2025, the Bankruptcy Court entered the 1/21/2025 Order approving the Stipulation. The 1/21/2025 Order is attached hereto as Exhibit "2" and made a part hereof.

9. The Debtor has yet to turnover the Funds to the Trustee.

10. On September 23, 2025, the Trustee's undersigned counsel sent correspondence to the Debtor enclosing the Stipulation and the Order and requesting the Debtor to pay the Funds to the Trustee (the "9/23/2025 Correspondence"). The 9/23/2025 Correspondence is attached hereto as Exhibit "3" and made a part hereof.

11. The Trustee did not receive any response to the 9/23/2025 Correspondence.

12. The Trustee's Declaration in Support of this Motion is attached hereto as Exhibit "4" and made a part hereof.

**RELIEF REQUESTED**

13. The Trustee respectfully seeks the entry of an Order finding the Debtor in civil contempt of the 1/21/2025 Order and for sanctions in the event that he continues to not comply with the terms of the 1/21/2025 Order.

## BASIS FOR RELIEF

### I. The Bankruptcy Court Has Discretion to Enter a Civil Contempt Order.

14. A Bankruptcy Court has the ability under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See*, 11 U.S.C. § 105(a). The court also has inherent authority to enforce its own orders. Where a party fails to follow an order of the Bankruptcy Court, the court may find such party in civil contempt under the authority granted to it by section 105(a). *See, In re Vaso Active Pharms., Inc.*, 514 B.R. 416, 421 (Bankr. D. Del. 2014).[1]

15. Sanctions for civil contempt may "be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *See, United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947). Civil contempt is coercive and prospective, allowing either compensation to the aggrieved party or a contemnor the opportunity to purge the contempt. *See, In re Vaso Active Pharms., Inc.*, 514 B.R. at 423.

16. When the purpose of a civil contempt sanction is to make a party comply with a court order, the court may exercise its discretion to fashion appropriate relief, considering the harm threatened by continuing non-compliance, and the effectiveness of a proposed sanction to cause compliance. *See, United Mine Workers of Am.*, 330 U.S. at 304. The sanctions a Bankruptcy Court may impose in response to civil contempt are "many and varied," encompassing "an indeterminate period of confinement," fines, reimbursement, or any combination of these. *See, In re Vaso Active Pharms., Inc.*, 514 B.R. at 423.

---

[1] The Bankruptcy Court may also sanction such party pursuant to its inherent power to police litigants who have acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *See, Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1224 (3d Cir. 1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).

## II. The Debtor is Liable for Civil Contempt for Violating the 1/21/2025 Order.

17. Proof of contempt requires a movant to demonstrate by clear and convincing evidence that: (i) a valid order of the court existed; (ii) the respondent had knowledge of the order; and (iii) the respondent disobeyed the order. *See, FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010). *See also, Roe, et al. v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995); *Berne Corp. v. Government of the Virgin Islands*, 570 F.3d 130, 134 (3d. Cir. 2009).

18. An alleged contemnor's behavior need not be willful in order for a court to find that an order has been violated, and "good faith is not a defense to civil contempt." *See, FTC v. Lane Labs-USA, Inc.*, 624 F.3d at 582.

19. Here, the evidence is straightforward and abundantly clear that the Debtor has knowledge of the valid 1/21/2025 Order and he has not complied with it.

20. First, the 1/21/2025 Order is unquestionably a valid and enforceable order of this Court. On January 21, 2025, this Court signed and entered the 1/21/2025 Order approving the Stipulation. *See*, Exhibit "2". The 1/21/25 Order is effective and no further order or appeal has been entered that could somehow affect the validity of the 1/21/2025 Order.

21. Second, the Debtor has knowledge of the 1/21/2025 Order as the undersigned counsel for the Trustee sent it to him. *See*, Exhibit "3".

22. Third, the Debtor has inarguably not complied with the terms of the 1/21/2025 Order as the Funds have not been provided to the Trustee.

## III. The Debtor Should be Sanctioned in a Manner Necessary to Compel his Compliance with the 1/21/2025 Order.

23. Because all the requirements for finding the Debtor in civil contempt has been satisfied, the Trustee respectfully requests that the Court exercise its discretion and authority under

4

section 105(a) of the Bankruptcy Code to sanction the Debtor in a manner sufficient to coerce him into finally complying with the terms of the 1/21/2025 Order.

24.  In order to coerce the Debtor to comply with the 1/21/2025 Order, the Trustee is seeking a sanction of $100.00 per day for each day that the Debtor that the Debtor does not pay the Funds to the Trustee.

## CONCLUSION

25.  For all the foregoing reasons, the Trustee respectfully requests that the Court enter the proposed Order finding the Debtor in civil contempt and issuing a sanction for noncompliance with the 1/21/2025 Order.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting the Motion and (b) granting such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By:   /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Trustee*

Dated: October 10, 2025

5